# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ALEXIS KELLER,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:09CV92** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **GEORGIA CHECK RECOVERY, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court *sua sponte*. Stephanie Fuller filed a motion to dismiss on behalf of the defendant, stating the defendant was proceeding pro se. **See** Filing No. 6. The defendant does not have legal counsel who has entered an appearance on its behalf.

A corporation may not proceed without representation by licensed legal counsel. "[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); **see also** *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel"). There is no evidence in the record that Stephanie Fuller is a licensed attorney. In the Eighth Circuit, a corporation is technically in default absent representation by licensed counsel. *Ackra Direct*, 86 F.3d at 857. The court will allow the corporate entity a brief time to secure counsel. If the defendant fails to respond to this order or obtain substitute counsel, the court may enter an order striking the motion to dismiss and entering default. **See** Fed. R. Civ. P. 55. Under the circumstances, the plaintiff need not respond to the defendant's motion to dismiss until after resolution of the issues surrounding the defendant's representation. Accordingly,

**IT IS ORDERED:**

1. The defendant Georgia Check Recovery, Inc. shall have to **on or before May 15, 2009**, to have licensed counsel enter an appearance on its behalf or show cause why default should not be entered against it.

2. The plaintiff's deadline to respond to the defendant's Motion to Dismiss (Filing No. 6) will be set by the court upon resolution of the issue of the defendant's representation.

3. The Clerk of Court shall mail a copy of this order to:

> Stephanie Fuller, President
> Georgia Check Recovery, Inc.
> 110 Main Street
> Jersey, Georgia  30018

DATED this 14th day of April, 2009.

> BY THE COURT:
>
>  s/Thomas D. Thalken
> United States Magistrate Judge