# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXIS KELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 8:09CV92 |
| v. | ) |
| | ) ORDER |
| GEORGIA CHECK RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on the plaintiff's Motion for an Extension of Time Within Which to File Her Petition for Attorneys' Fees (Filing No. 28) and Petition for Attorneys' Fees Pursuant to the Fair Debt Collection Practices Act (Filing No. 31). The defendant filed a brief (Filing No. 29) in opposition to the plaintiff's motion for extension of time. The plaintiff filed a brief (Filing No. 33) and an index of evidence (Filing No. 34) in reply.

On August 26, 2009, counsel for the plaintiff notified the court that the parties had settled the substance of the case. However, based on an agreement of counsel, the court entered an order giving the plaintiff until September 25, 2009, to file a motion for attorney's fees. **See** Filing No. 27. On September 29, 2009, the plaintiff filed the instant motion for leave to file an application for fees out of time. **See** Filing No. 28. The plaintiff states the failure to timely file the fee application was due to inadvertence, specifically the calendaring program used by the plaintiff's counsel has a glitch that moved the previously calendared date without counsel's knowledge. Additionally, counsel contends the plaintiff would be "extremely prejudiced" absent the extension of time. Finally, the plaintiff asserts the defendant will suffer no prejudice under the circumstances. On October 8, 2009, the plaintiff filed the petition for fees. The next day, the plaintiff replied to the defendant's response.

On October 7, 2009, the defendant filed an opposition to the motion arguing the plaintiff has failed to meet her burden of showing the extension is warranted based on good cause. Additionally, the defendant contends the plaintiff cannot show that she, herself, would suffer prejudice because the plaintiff's counsel advertises its clients are not

responsible for attorneys' fees. In the alternative, the defendant suggests a deminimus amount be awarded.

Under Fed. R. Civ. P. 16(b) a progression order schedule "shall not be modified except upon a showing of good cause." **See** *Bradford v. DANA Corp.*, 249 F.3d 807, 809-10 (8th Cir. 2001). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). In addition to the good cause requirement, when "a motion [is] made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect." **See** Fed. R. Civ. P. 6(b)(1)(B).

The plaintiff's brief extension of time will not delay the resolution of the issues. The plaintiff's explanation for failing to timely file the motion for fees amounts to excusable neglect on the part of the plaintiff's counsel. Counsel's conduct also provides good cause for the brief extension of time. There is no showing the defendant would suffer unfair prejudice by the extension of time. In fact, the defendant had provided some substantive responses to the motion for fees in its response to the motion for extension of time. Under the circumstances, the court finds good cause and excusable neglect have been shown for the short extension of the motion deadline. Upon consideration,

**IT IS ORDERED that:**

1. The plaintiff's Motion for an Extension of Time Within Which to File Her Petition for Attorneys' Fees (Filing No. 28) is granted. The plaintiff need not re-file the petition.

2. The defendant shall have to **on or before October 23, 2009**, to file a response to the plaintiff's Petition for Attorneys' Fees Pursuant to the Fair Debt Collection Practices Act (Filing No. 31).

3.     The plaintiff shall have to **on or before October 30, 2009**, to file a reply.

DATED this 13th day of October, 2009.

                                                         BY THE COURT:

                                                         s/Thomas D. Thalken
                                                         United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.